# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| TYSON RUTH,<br><br>        Plaintiff,<br><br>vs.<br><br>ADRIA KESTER,<br><br>        Defendant. | No. C17-3022-LTS<br><br>**ORDER** |

The matter before the court is plaintiff's "complaint" (Doc. No. 1), which the clerk's office filed on March 27, 2017. Plaintiff did not submit the required filing fee or an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Moreover, plaintiff's pleading is not sufficient to commence an action. *See* Fed. R. Civ. P. 8 (addressing general rules of pleading). Indeed, the court has no idea what type of claims, if any, plaintiff is trying to assert. As such, this action is **dismissed without prejudice**.

Before refiling this action (and submitting an application to proceed in forma pauperis if he cannot afford to pay the filing fee), plaintiff should keep in mind the following:

> (1) After being granted in forma pauperis status, a prisoner is required to pay the full filing fee, that is, $350.00, by making payments on an installment basis. *See* 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

> (2) As to the general nature of the plaintiff's claims, the court is typically precluded from interfering in the interworkings of a state court in criminal matters. *See Sprint Communs., Inc.*

*v. Jacobs*, ___ U.S. ___, ___, 134 S. Ct. 584, 591 (2013) (explaining that *Younger v. Harris*, 401 U.S. 37 (1971), precludes a court from intruding into ongoing state criminal prosecutions); *Zanders v. Swanson*, 573 F.3d 591, 593-95 (8th Cir. 2009) (determining that district court properly abstained from hearing claim because there was no showing of bad faith or other extraordinary circumstances); *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (listing factors to be considered).

(3) As to the general nature of the relief that is requested, the court does not have the authority to investigate or commence criminal proceedings. *See e.g.*, *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (making clear that it is the executive branch that retains broad discretion to enforce the Nation's criminal laws). If the plaintiff believes a crime occurred, he should consult law enforcement officials, and, after conducting an investigation, those officials may consult with prosecutors to determine whether charges are warranted. Whether to prosecute and what charges to file or bring are decisions that rest in the prosecutor's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009). This court has no power to order the government or a state to investigate or prosecute certain individuals.

(4) Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of

pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity.

(5) Venue is proper in the district where the defendants are located and where the events giving rise to the plaintiff's claims occurred. *See* 28 U.S.C. § 1391. Green County and Dallas County are located in the Southern District of Iowa, not the Northern District of Iowa.

The clerk's office is directed to send plaintiff a copy of the form that is routinely utilized by prisoners and detainees who seek relief under 42 U.S.C. § 1983. The clerk's office is also directed to send plaintiff a copy of the form that is routinely utilized by prisoners who seek to challenge the validity of their convictions under 28 U.S.C. § 2254.[1]

**IT IS SO ORDERED.**

---

[1] It is apparent from state court records that plaintiff is facing state criminal charges and/or is pursuing post-conviction relief with respect to state court convictions that have become final. *See Ruth v. State*, Case No. PCCV021600 (Green Cty. Dist. Ct.); *Ruth v. State*, Case No. PCCV002732 (Dallas Cty. Dist. Ct.); *see also State v. Ruth*, Case No. FECR011822 (Carroll Cty. Dist. Ct. April 13, 2017); *State v. Ruth*, Case No. FECR012916 (Green Cty. Dist. Ct. Jan. 27, 2017); *State v. Ruth*, Case No. FECR038606 (Green Cty. Dist. Ct. Sept. 30, 2016). Iowa state court criminal and civil records may be accessed online at:

http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp

*See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

**DATED** this 26th day of April, 2017.

                                _____
                                LEONARD T. STRAND
                                CHIEF UNITED STATES DISTRICT JUDGE